# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVIUS CONROD,

                Plaintiff,

v.

ROBERT R. SMITH, AMY STOLOWSKI, and MILWAUKEE COUNTY,

                Defendants.

Case No. 16-CV-620-JPS

**ORDER**

### 1. INTRODUCTION

On November 9, 2016, the defendant Milwaukee County (the "County") filed a motion for summary judgment. (Docket #17). The plaintiff Davius Conrod ("Conrod") responded to the motion, and also offered his own cross motion for summary judgment, on December 12, 2016. (Docket #25 and #26). The County offered its reply on December 22, 2016. (Docket #28). For the reasons explained below, the Court must grant the County's motion and deny Conrod's, and put Conrod on notice that it is considering granting summary judgment *sua sponte* as to defendants Robert R. Smith ("Smith") and Amy Stolowski ("Stolowski").

### 2. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides the mechanism for seeking summary judgment. Rule 56 states that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A "genuine" dispute of material fact is created when "the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court construes all facts and reasonable inferences in a light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). In assessing the parties' proposed facts, the Court must not weigh the evidence or determine witness credibility; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chicago Transit Authority*, 618 F.3d 688, 691 (7th Cir. 2010).

### 3. FACTS

#### 3.1 Conrod's Failure to Dispute Any Facts

Conrod has been informed of the requirements of the Federal and Local Rules regarding summary judgment at least twice; by attachments to the Court's trial scheduling order, and by the defendants' own summary judgment motion. (Docket #16 and #17). He has chosen to ignore those rules by failing to even attempt a dispute of any of the County's proffered facts. Instead, he merely offers statements in his responsive brief and a collection of exhibits, none of which are connected to any statement of facts or response thereto. These infirmities cannot be overlooked.

Though the Court is required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer; the Court cannot and will not delve through Conrod's submissions in this case to craft a response to the County's statements of fact on his behalf. Indeed:

> A district court is not required to "wade through improper denials and legal argument in search of a genuinely disputed fact." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). And a mere disagreement with the movant's asserted facts is inadequate if made without

> reference to specific supporting material. *Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir. 1993). In short, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Smith's summary-judgment materials were woefully deficient in either responding adequately to the defendants' statement or in setting forth additional facts with appropriate citations to the record. As such, Smith's purportedly good intentions aside, the district court did not abuse its discretion in deeming admitted and only considering the defendants' statement of material facts.

*Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). This Court would offer a similar analogy: it is not an archaeologist, made to sift through Conrod's filings hoping to piece together clues to the evidence behind his legal positions.

Like *Smith*, no matter Conrod's intentions, his utter failure to comply with the rules of procedure means that the Court has no choice but to deem the County's facts undisputed for purposes of deciding the motion. Fed. R. Civ. P. 56(e)(2). The Court will still consider his legal brief, to the extent it could be of any value in light of the undisputed facts.

### 3.2   Relevant Facts

The facts relevant to the Court's instant determination are brief. Conrod is a former inmate in the County's Jail (the "Jail").[1] On December 17, 2012, Milwaukee municipal judge Philip Chavez issued four warrants for Conrod's arrest based on probable cause that he committed the offenses alleged therein. (Docket #21-1). Conrod was arrested on December 19, 2012.

---

[1] Given that they are undisputed, the Court's factual summary is drawn exclusively from the County's statement of facts unless otherwise noted. (Docket #19).

The warrants would have been provided to Jail personnel upon Conrod's arrival there; they were in fact kept in his Jail file. On December 18, 2012, Stolowski, a Milwaukee police officer, swore to and signed a CR-215 form (the "Probable Cause Statement") recounting the basis for Conrod's arrest, including references to the warrants. (Docket #21-2). The Probable Cause Statement identified Smith as the arresting officer. *Id.* On December 19, 2012, the Probable Cause Statement was signed by Milwaukee County Court Commissioner Maria S. Dorsey ("Commissioner Dorsey"), indicating that she found probable cause to detain Conrod and setting his bail at $25,000. *Id.* Commissioner Dorsey signed the Probable Cause Statement within twelve hours of Conrod's booking. The form itself was also kept in Conrod's Jail file.

4.  **ANALYSIS**

The crux of Conrod's complaint is that he believes the Probable Cause Statement was not promptly presented to a judicial officer for review or approval. (Docket #9 at 1-2). Along with his amended complaint, Conrod provided a copy of the Probable Cause Statement that lacked Commissioner Dorsey's signature. (Docket #8-1). He further alleged that he was arrested without a warrant. (Docket #9 at 2). Given the liberal posture required at the screening stage, the Court permitted Conrod to proceed on Fourth Amendment claims against the County, Smith, and Stolowski, as well as a *Monell* claim against the County. *Id.* at 3-4. Now that Conrod's allegations have been supplemented by a factual record—one he has failed to dispute—the Court is properly equipped to grant judgment in favor of the defendants.

A government official can violate an arrestee's Fourth Amendment

rights if they fail to obtain a prompt judicial determination of probable cause for the arrest within forty-eight hours thereof. *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). The County did not violate this rule for two reasons. First, the existence of the municipal arrest warrants precludes application of *McLaughlin*. The *Lopez* court explained the Fourth Amendment's requirements:

> The Fourth Amendment protects against unreasonable seizures; an arrest is a seizure, and the Fourth Amendment affords persons who are arrested the further, distinct right to a judicial determination of probable cause "as a prerequisite to extended restraint of liberty following arrest." [*Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)]. The judicial determination of probable cause may be made before the arrest (in the form of an arrest warrant) or promptly after the arrest, at a probable cause hearing (sometimes called a *Gerstein* hearing).

*Lopez v. City of Chicago*, 464 F.3d 711, 718 (7th Cir. 2006). The municipal warrants supplied the probable cause for detention that the Fourth Amendment demands. Thus, any alleged delay between his booking in the Jail and his arraignment is irrelevant; the probable cause foundation had already been laid. Second, even assuming the warrants did not exist, the Probable Cause Statement was duly completed by Smith and Stolowski, reviewed by Commissioner Dorsey, and signed by her within twelve hours of Conrod's booking.

Conrod's arguments to the contrary have no merit. He claims that it is "strange" that the County has a signed Probable Cause Statement and that the same was not given to him by his criminal defense attorney. (Docket #26 at 5-6). Assuming Conrod means to question the authenticity of the County's document, Conrod does not offer any evidence in that vein (as well as failing

to dispute its authenticity via a response to the County's statement of facts). Conrod next cites other allegedly unsigned probable cause statements for other arrestees as evidence of the County's unlawful policy. *Id.* at 7-9. These other cases, even if the Court takes Conrod's statements as true, have no bearing on whether the County violated *his* Fourth Amendment rights. Finally, Conrod also argues that, even if the Probable Cause Statement is authentic, it violates his Sixth Amendment right to counsel. *Id.* at 9. The Court need not consider this argument because it is outside the scope of his complaint. *Abuelyman v. Ill. State Univ.*, 667 F.3d 800, 814 (7th Cir. 2011) (" It is well settled that a plaintiff may not advance a new argument in response to a summary judgment motion.").

Because Conrod's underlying constitutional claim fails, so too must his *Monell* claim against the County. *See Petty v. City of Chicago*, 754 F.3d 416, 424-25 (7th Cir. 2014). Further, the Court places Conrod on notice that it is considering granting summary judgment *sua sponte* in favor of Smith and Stolowski. Conrod's Fourth Amendment claim against them is coterminous with that against the County; he alleges they were complicit in failing to complete the Probable Cause Statement. The Seventh Circuit holds that *sua sponte* summary judgment is proper when "there are no issues of material fact in dispute," and "as long as the losing party is given notice and an opportunity to come forward with its evidence." *Osler Institute, Inc. v. Forde*, 333 F.3d 832, 836 (7th Cir. 2003). The Court will afford him until **January 10, 2017** to provide any evidence and legal argument he can muster in opposition. If he does not do so, the Court will enter judgment summarily in Smith and Stolowski's favor.

**5. CONCLUSION**

In light of the foregoing, the Court is constrained to grant the County's motion for summary judgment and deny Conrod's motion for the same. It further warns Conrod of its intent to grant Smith and Stolowski judgment as a matter of law *sua sponte* on the indisputable facts presented, unless he provides adequate evidence and argument in opposition.

Accordingly,

**IT IS ORDERED** that the defendant Milwaukee County's motion for summary judgment (Docket #17) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff Davius Conrod's motion for summary judgment (Docket #25) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the plaintiff must provide evidence and legal argument in opposition to the Court's grant of summary judgment to the defendants Smith and Stolowski *sua sponte* on or before **January 10, 2017**; and

**IT IS FURTHER ORDERED** that the defendant Milwaukee County be and the same is hereby **DISMISSED** from this action.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge