# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVIUS CONROD,

                              Plaintiff,

v.

ROBERT R. SMITH and AMY STOLOWSKI,

                              Defendants.

Case No. 16-CV-620-JPS

**ORDER**

        On December 27, 2016, the Court granted summary judgment in favor of the former defendant Milwaukee County (the "County"). (Docket #32). In that order, the Court gave notice to the plaintiff Davius Conrod ("Conrod") that based on the undisputed facts, it was considering granting summary judgment *sua sponte* in favor of the remaining defendants, Robert R. Smith ("Smith") and Amy Stolowski ("Stolowski"). *Id.* at 6. It gave Conrod until January 10, 2017 to provide any evidence or legal argument he wished to present to avoid that result. *Id.* at 6-7.

        Conrod filed a document on that date, but it is not solely an opposition to *sua sponte* summary judgment. Instead, it appears to be a combined motion to reconsider the entirety of the Court's December 27 order as well as briefly addressing the *sua sponte* summary judgment issue. (Docket #37). The Court will address the *sua sponte* summary judgment issue first.

        The Court refers the reader to the standard of review and statement of fact portions of the December 27 order. (Docket #32 at 1-4). As noted above, Conrod was directed to provide evidence and argument in opposition to summary judgment in favor of Smith and Stolowski. Conrod's instant

submission includes no statements of fact, affidavits, or any other evidence to support a genuine dispute as to the facts stated in that order.

Conrod instead presents various arguments related to the facts of this case.[1] First, he states that he was arrested on December 19, not December 17, and that "the municipal warrants did not play a role in that arrest because they were not issued as warrants." (Docket #37 at 1). These contentions are, at best, disputes of fact which should have been presented in response to the County's motion for summary judgment, but in any event they are not supported here by any evidence. Next, Conrod explains that he was confused about the discovery process, leading to his failure to respond to the County's discovery requests. This is irrelevant, as the County's statement of facts, which Conrod failed to dispute, were not based on the absent responses. (Docket #19). The only other statement in the document related to Smith and Stolowski is as follows:

> The plaintiff would like to request to this court to not grant summary judgment sua sponte for defendants Smith and Stolowski on or before January 10, 2017 and give the plaintiff an opportunity to at least clarify the disputed fact of question of issue [sic] which has not been addressed.

(Docket #37 at 3). This conclusory request offers no real argument, and further, the "opportunity" Conrod seeks was already provided when the Court set the January 10 deadline.

Nothing in Conrod's submission provides a factual or legal basis to avoid summary judgment in Smith and Stolowski's favor. As discussed in

---

[1] It is not clear whether these arguments have anything to do with Smith and Stolowski, but in an abundance of caution, the Court addresses them here.

the December 27 order, the undisputed facts demonstrate that not only was probable cause for his arrest supported by the municipal warrants, the probable cause statement itself was duly completed by Smith and Stolowski. (Docket #32 at 4-6). They are entitled to summary judgment on Conrod's Fourth Amendment claim just as the County was. Smith and Stolowski will be dismissed from this matter accordingly.

The Court turns to the reconsideration portions of Conrod's submission. Conrod asserts that his motion is made pursuant to both Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP"). (Docket #37 at 1). The *Harrington* court explained:

> Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Vacating a judgment under Rule 60(b) is permissible for a variety of reasons including mistake, excusable neglect, newly discovered evidence, and fraud. While the two rules have similarities, Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. Rule 59(e), by contrast, requires that the movant "clearly establish" one of the aforementioned grounds for relief.

*Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations and quotations omitted). Conrod's motion must be denied under both rules.

Conrod's reconsideration section begins by arguing that other cases from this District dealing with the same issue are inapposite. (Docket #37 at 4). Even if true, the December 27 order did not reference or rely on those decisions, but rather was grounded in Seventh Circuit and U.S. Supreme Court precedent. *See* (Docket #32 at 4-7). Next, Conrod reiterates his contention that because he possesses a different probable cause statement

form than that presented by the County, there is a dispute of fact. (Docket #37 at 4-5). He apparently wants the County to explain how he was able to obtain an unsigned form. *Id.* at 5. Again, by failing to dispute the County's statements of fact, Conrod gave the Court no choice but to rely on the document the County provided. Further, as was the case in his briefing on the County's summary judgment, Conrod fails to provide any evidence that the County's document it not authentic. (Docket #32 at 5-6). Conrod also reiterates his discovery problem, but as noted above, it had no bearing on the December 27 order. Finally, though he is intently focused on the probable cause statement form, he offers no genuine evidence or argument to dispute the import of the municipal warrants, which the Court identified as an independent ground warranting judgment in the County's favor. *Id.* at 5.

Conrod has failed to "clearly establish" any manifest error of law or fact in the December 27 order as required by FRCP 59(e). He has not attempted to argue any of the grounds provided in FRCP 60(b). His motion for reconsideration must, therefore, be denied. As all of the defendants have been granted summary judgment, the Court will direct that a final judgment be entered dismissing this matter.

Accordingly,

**IT IS ORDERED** that upon the Court's *sua sponte* motion, summary judgment be and the same is hereby **GRANTED** in favor of the defendants Robert R. Smith and Amy Stolowski;

**IT IS FURTHER ORDERED** that the plaintiff Davius Conrod's motion for reconsideration (Docket #37) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter

judgment in this matter in accordance with the instant Order and the Court's order of December 27, 2016 (Docket #32); and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge